RD BK05596-1056
2015003667    01/23/2015 10:31:39 AM:1
RCD FEE: $49.00
AG-AGREEMENTS

DELAWARE COUNTY



40    FRYER

MODIFICATION AGREEMENT

This Document Prepared By:
LINDA SUE BEHYMER
PNC MORTGAGE, A DIVISION OF PNC BANK,
NATIONAL ASSOCIATION
3232 NEWMARK DR
MIAMISBURG, OH 45342
(888) 224-4702

When recorded mail to:
First American Title
Loss Mitigation Title Services 1454.1
P.O. Box 27670
Santa Ana, CA 92799
RE: FRYER - PROPERTY REPORT

_____[Space Above This Line for Recording Data]_____

Original Principal Amount: $172,296.00
Unpaid Principal Amount: $193,336.27
New Principal Amount $148,686.91
New Money (Cap): $0.00

# LOAN MODIFICATION AGREEMENT (MORTGAGE)

This Loan Modification Agreement ("Agreement"), made this 1ST day of NOVEMBER, 2014, between STEPHANIE T FRYER ("Borrower") whose address is 116 LINCOLN AVENUE, YEADON, PENNSYLVANIA 19050 and PNC MORTGAGE, A DIVISION OF PNC BANK, NA AS SUCCESSOR BY MERGER TO FKA NATIONAL CITY MORTGAGE CO. ("Lender"), whose address is 3232 NEWMARK DR, MIAMISBURG, OH 45342, amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated JUNE 30, 2008 and recorded on JULY 8, 2008 in INSTRUMENT NO. 2008050561 BOOK 04396 PAGE 0380, of the OFFICIAL Records of DELAWARE COUNTY, PENNSYLVANIA, and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

116 LINCOLN AVENUE, YEADON, PENNSYLVANIA 19050
(Property Address)

the real property described being set forth as follows:

FHA/VA HUD-HAMP Loan Modification Agreement 11052014_111
First American Mortgage Services                    Page 1

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of, **NOVEMBER 1, 2014** the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$148,686.91**, consisting of the amount(s) loaned to Borrower by Lender, plus capitalized interest in the amount of U.S. **$0.00** and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been accrued for work completed. **This Unpaid Principal Balance has been reduced by the contemporaneous HUD Partial Claim amount of $58,000.88. This agreement is conditioned on the proper execution and recording of this HUD Partial Claim.**

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender Interest will be charged on the Unpaid Principal Balance at the yearly rate of **4.6250%**, from **NOVEMBER 1, 2014**. Borrower promises to make monthly payments of principal and interest of U.S. $ **764.46**, beginning on the **1ST** day of **DECEMBER, 2014**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **4.6250%** will remain in effect until principal and interest are paid in full. If on **NOVEMBER 1, 2044** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

    (b)    all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. **If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt.**

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

In Witness Whereof, the Lender has executed this Agreement.

**PNC MORTGAGE, A DIVISION OF PNC BANK, NA AS SUCCESSOR BY MERGER TO FKA NATIONAL CITY MORTGAGE CO.**

By _Eileen Burrall_ (print name)     12-10-14
**EILEEN BURRALL**
**Mortgage Officer** (title)     Date

[Space Below This Line for Acknowledgments]

**LENDER ACKNOWLEDGMENT**

State of Ohio

County of Montgomery

The foregoing instrument was acknowledged before me this 12-10-14 (date) by **EILEEN BURRALL**, the **MORTGAGE OFFICER** of **PNC MORTGAGE, A DIVISION OF PNC BANK, NA AS SUCCESSOR BY MERGER TO FKA NATIONAL CITY MORTGAGE CO.**, a _____, corporation, on behalf of the corporation

Notary Public

Printed Name: Hope Holmes
My commission expires: 09/30/2015

HOPE HOLMES
NOTARY PUBLIC
IN AND FOR THE STATE OF OHIO
MY COMMISSION EXPIRES SEPT. 30, 2015

PNC MORTGAGE, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION
3232 NEWMARK DR
MIAMISBURG, OH 45342

In Witness Whereof, I have executed this Agreement.

_____    11-25-2014
Borrower: **STEPHANIE T FRYER**                 Date

_____    _____
Borrower:                                       Date

_____    _____
Borrower:                                       Date

_____    _____
Borrower:                                       Date

_____ [Space Below This Line for Acknowledgments] _____

## BORROWER ACKNOWLEDGMENT

STATE OF PENNSYLVANIA
COUNTY OF __Delaware__

On this, the __25__ day of __November__, __2014__, before me __Aisah Johnson__, the undersigned officer, personally appeared **STEPHANIE T FRYER**, known to me (or satisfactorily proven) to be the person whose name subscribed to the within instrument, and acknowledged that (he/she/they) executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal

_____
Notary Public

Printed Name: __Aisah Johnson__

My Commission expires: __11/25/14__

```
COMMONWEALTH OF PENNSYLVANIA
         NOTARIAL SEAL
  AISAH JOHNSON, NOTARY PUBLIC
 BOROUGH OF YEADON, DELAWARE COUNTY
MY COMMISSION EXPIRES FEBRUARY 29, 2016
```

# EXHIBIT A

**BORROWER(S): STEPHANIE T FRYER**

**LEGAL DESCRIPTION:**

THE PROPERTY DESCRIBED IS LOCATED IN THE CITY OF YEADON, COUNTY OF DELAWARE AND THE STATE OF PENNSYLVANIA: DESCRIBED ACCORDING TO A SURVEY AND PLAN THEREOF MADE BY DAMON AND FOSTER, CIVIL ENGINEERS, UPPER DARBY, PA AND DATED NOVEMBER 18, 1924 AS FOLLOWS, TO WIT: BEGINNING AT THE SOUTHEASTERLY SIDE OF LINCOLN AVENUE (50 FEET WIDE) AT THE DISTANCE OF 184.96 FEET SOUTHWESTWARDLY FROM THE SOUTHWESTERLY SIDE OF UNION AVENUE (40 FEET WIDE); THENCE EXTENDING SOUTH 34 DEGREES 10 MINUTES WEST 25 FEET; THENCE AT RIGHT ANGLES TO LINCOLN AVENUE SOUTH 25 DEGREES 50 MINUTES EAST 152.70 FEET, THENCE NORTH 64 DEGREES 26 MINUTES EAST 25 FEET; THENCE PASSING THROUGH THE CENTER OF A PARTY WALL BETWEEN THIS BUILDING ERECTED UPON THE SAID DESCRIBED PREMISES AND THE BUILDING TO THE EAST THEREOF SOUTH 25 DEGREES 50 MINUTES WEST 152.81 FEET TO THE POINT AND PLACE OF BEGINNING.

ALSO KNOWN AS: 116 LINCOLN AVENUE, YEADON, PENNSYLVANIA 19050