United States Bankruptcy Court
Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 21-11319-djb |
| Stephanie T. Fryer | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Apr 22, 2025 | Form ID: pdf900 | Total Noticed: 4 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 24, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Stephanie T. Fryer, 116 Lincoln Avenue, Yeadon, PA 19050-2933 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| smg | Email/Text: megan.harper@phila.gov | Apr 23 2025 01:48:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | Email/Text: RVSVCBICNOTICE1@state.pa.us | Apr 23 2025 01:47:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| cr | Email/Text: Bankruptcy.Notices@pnc.com | Apr 23 2025 01:47:00 | PNC BANK, PO BOX 94982, CLEVELAND, OH 44101 |

TOTAL: 3

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

| | | |
|---|---|---|
| Date: Apr 24, 2025 | Signature: | /s/Gustava Winters |

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 22, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| DENISE ELIZABETH CARLON | on behalf of Creditor PNC BANK  NATIONAL ASSOCIATION bkgroup@kmllawgroup.com |

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 2 of 2 |
| Date Rcvd: Apr 22, 2025 | Form ID: pdf900 | Total Noticed: 4 |

DENISE ELIZABETH CARLON
  on behalf of Creditor PNC Mortgage  a Division of PNC Bank, National Association bkgroup@kmllawgroup.com

KENNETH E. WEST
  ecfemails@ph13trustee.com  philaecf@gmail.com

MICHAEL A. CIBIK
  on behalf of Debtor Stephanie T. Fryer help@cibiklaw.com
  noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com

United States Trustee
  USTPRegion03.PH.ECF@usdoj.gov


TOTAL: 5

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Stephanie T. Fryer aka Stephanie Fryer Henriques<br>       Debtor(s) | CHAPTER 13 |
| PNC MORTGAGE, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION<br>       Moving Party<br>  vs. | NO. 21-11319 DJB |
| Stephanie T. Fryer aka Stephanie Fryer Henriques<br>       Debtor(s)<br>Kenneth E. West, Esq.<br>       Trustee | 11 U.S.C. Section 362 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of April 8, 2025, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$7,048.08**. Post-petition funds received after April 8, 2025 will be applied per the terms of this Stipulation as outlined herein. The arrearage is itemized as follows:

Post-Petition Payments:  January 2025 through April 2025 at $1,449.77 each
Fees & Costs Relating to Motion: $1,249.00
**Total Post-Petition Arrears: $7,048.08**

2. The Debtor shall cure said arrearages in the following manner:

 a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$7,048.08**.

 b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$7,048.08** along with the pre-petition arrears.

 c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due **May 2025** and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of **$1,449.77** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court may enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court may enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   April 10, 2025            /s/ Denise Carlon
                                  Denise Carlon, Esq.
                                  Attorney for Movant


Date:   April 16, 2025            /s/ Michael A. Cibik
                                  Michael A. Cibik, Esq.
                                  Attorney for Debtor
                                  No Objection - Without Prejudice to Any Trustee
                                  to Any Trustee Rights or Remedies
Date:   April 18, 2025            /s/LeeAne O. Huggins
                                  Kenneth E. West
                                  Chapter 13 Trustee


Approved by the Court this _____ day of _____, 2025.  However, the court retains discretion regarding entry of any further order.

**Date: April 21, 2025**
                                  _____
                                  Bankruptcy Judge
                                  Derek J. Baker